UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CITIZENS HEALTH CORPORATION, ]
BY: LULA JOURNEY, CHAIR, CITIZENS ]
HEALTH CORPORATION BOARD OF ]
DIRECTORS, ]
 ]
 ]
Plaintiff, ]
 ] Case No.:
vs. ]
 ]
KATHLEEN SEBELIUS, SECRETARY, U. S. ]
DEPARTMENT OF HEALTH AND HUMAN ] **1:12-cv-0748 SEB-DKL**
SERVICES, U. S. DEPARTMENT OF ]
HEALTH AND HUMAN, HEALTH RESOURCES]
ADMINSTRATION, JAMES D. MINOR, ]
M.D., CHAIR, BOARD OF TRUSTEES OF THE ]
HEALTH & HOSPITAL CORPORATION OF ]
MARION COUNTY, IN, MATTHEW GUTWEIN,]
EXECUTIVE DIRECTOR, HEALTH & ]
HOSPITAL CORPORATION OF MARION ]
COUNTY, IN and HEALTH & HOSPITAL ]
CORPORATION OF MARION COUNTY, IN, ]
 ]
Defendants. ]

## MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Plaintiff Citizens Health Corporation, by counsel, moves this Court for a temporary restraining order and a Preliminary Injunction, pursuant to Rule 65(a) and (b), <u>Federal Rules of Civil Procedure</u>, restraining and enjoining Defendants, their agents, employees, successors, attorneys and all persons in active concert with them from terminating or modifying any grant, specifically Grant no. H80CS00592, now in place or as originally announced by in Award No. H80CS00592-10-06, or as amended; or to issue a call for applications for a new grant/grantee in the Citizens' catchment area; or bidding for any such award of a grant for services to be rendered

that are either in the Citizens' catchment area or in competition with Citizens for such grant awards for its catchment area. The Plaintiff seeks such relief until the Defendants either show cause what a preliminary injunction should not issue pending resolution of the Complaint filed with the Court on this same date.

Unless this motion is granted, Plaintiff will suffer immediate and irreparable injury, loss and damage if Defendants are permitted to terminate the grant without due process; or be allowed to place the Plaintiff in an unconscionably weak applicant position in order that Defendant's are in a better position to win the grant, in re-issued form, by competing against the weakened Plaintiff. The re-advertising of the grant would divest Citizens, not only of its due process rights, but would likely cause it to go out of business solely due to the inequitable and unconscionable acts by the Defendants.

Conversely, the grant of the relief sought hereby would not result in any harm to either Defendant, Plaintiff Citizens or the constituency served by Citizens because such grant of relief by the Court would maintain the status quo (grants awarded and in effect) until this matter may be resolved by the Court.

If deemed necessary, by the Court, Plaintiff is ready and willing to provide security in such sum as this Court deems proper for such costs and damages, if any, as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained.

Plaintiff respectfully moves the Court to set dates by which: a) the Defendants may file answer to the Complaint and motion; b) the Plaintiff must file its affidavits and memorandum; c) for the Defendants to file affidavits and memoranda; d) Plaintiff's response thereto, if deemed necessary; and a date for the hearing, if necessary, on Plaintiff's motion.

Dated: May 31, 2012

Respectfully submitted,

_____
Aaron E. Haith  (7378-49)
Attorney for Plaintiff
151 N. Delaware Street, Suite 740
Indianapolis, IN  46204
Office:		317-634-3113
Facsimile:	317-634-2880
ahaith@sbcglobal.net