UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITIZENS HEALTH CORPORATION, et al.,  )<br>            Plaintiffs,                                    )<br>                                                                )<br>     vs.                                                       )<br>                                                                )<br>KATHLEEN SEBELIUS et al.,                  )<br>            Defendants.                                 ) | 1:12-cv-0748-SEB-TAB |

**ORDER ON MOTIONS TO SEAL**

Before the Court are two motions to seal.  [Docket Nos. 62, 67.]  Defendants previously sought to seal numerous documents and the Court granted the parties leave to file any further motions providing a basis to maintain the documents under seal, or to propose another appropriate treatment of the documents.  [Docket No. 50 at 2.]

Defendants then moved to seal unredacted versions of Health & Hospital Corporation's Memorandum in Support of Summary Judgment, Health & Hospital Corporation's Memorandum in Opposition to Preliminary Injunction, the Declaration of Daniel Sellers, Citizens 2009 Audit, Exhibit B, and Citizens 2010 Audit, Exhibit C.  [Docket No. 62.]  Because Defendants have also publicly filed redacted versions of these documents, the unredacted versions of these documents [Docket No. 61] may remain under seal pending approval of the redactions.

Defendants, however, have not shown good cause for the proposed redactions. Redactions are not appropriate simply because a party asserts that the redacted information is confidential, contains professional secrets, or is proprietary information.  *See Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 546–47 (7th Cir. 2002); *Union Oil Co. of Cali. v. Leavell*, 220

F.3d 562, 567–68 (7th Cir. 2000). The Court appreciates that Defendants filed redacted documents as opposed to sealing entire sets of documents, but Defendants must identify each redaction, describe the type of information being redacted, and explain why that information is confidential. *E.E.O.C. v. Abbott Labs.*, No. 10–C–0833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012) ("The party seeking to seal items has the burden of showing cause and must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). Accordingly, Defendants' motion [Docket No. 62] is granted to the extent that the unredacted version of these documents may remain under seal and Defendants shall file a supplemental statement within 14 days showing cause for the redactions.

Defendants also filed numerous documents from the administrative record under seal. [Docket Nos. 47, 48.] Upon further review, Defendants assert that sealing these documents in their entirety is not warranted. [Docket No. 67 at 2.] The Court agrees. Defendants, however, seek to redact certain parts of the administrative record: (1) a patient support petition, (2) "detailed financial information" contained in the progress report, and (3) salary information for certain Citizen employees contained in the progress report.

Redactions to the petition [A.R. at 112–15] are appropriate because the petition contains the names of nonparty patients of Citizen Health Corporation. However, Defendants have not satisfied their burden for the progress report. Documents filed with the Court are presumptively open to public scrutiny and Defendants fail to explain why the financial and salary information should remain confidential. *See Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."); *Baxter*, 297 F.3d at 545 (stressing that parties must offer legal justification for placing documents under seal).

Typically, the type of financial information that warrants secrecy includes "pricing and profit information which a competitor could use to undercut or otherwise financially harm the subject party in the marketplace." *Nordock Inc. v. Sys. Inc.*, No. 11-C-118, 2012 WL 4760784, at *8 (E.D. Wis. Oct. 5, 2012). But Defendants do not explain why the budget and salary information contained in the progress report is proprietary or confidential. Simply because a document contains financial information does not automatically warrant secrecy. *See Baxter*, 297 F.3d at 547 ("As we remarked in *Union Oil*, many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed."); *Matter of Krynickim*, 983 F.3d 74, 77–78 (7th Cir. 1992) (questioning why financial information was filed under seal). Accordingly, Defendants' motion [Docket No. 67] is granted in part and denied in part. Defendants shall refile docket entry 47 within 14 days with the patient petition redacted. The Clerk is directed to unseal docket entry 48.

Dated:  11/05/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Robert A. Graham
FELDESMAN TUCKER LEIFER FIDELL LLP
rgraham@ftlf.com

Aaron Edward Haith
CHOATE & HAITH
ahaith@sbcglobal.net

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Jon Laramore
FAEGRE BAKER DANIELS LLP - Indianapolis
jon.laramore@faegrebd.com

Harmony A. Mappes
FAEGRE BAKER DANIELS LLP - Indianapolis
harmony.mappes@faegrebd.com

Edward Todd Waters
FELDESMAN TUCKER LEIFER FIDELL LLP
ewaters@ftlf.com